| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, a California corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action No.:<br>) |
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation; and TRAVELERS INDEMNITY COMPANY, a Connecticut corporation, | ) Judge:<br>)<br>) Magistrate Judge:<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Fireman's Fund Insurance Company, asserts claims against Defendants, ST. PAUL FIRE AND MARINE INSURANCE COMPANY and TRAVELERS INDEMNITY COMPANY, as follows:

### PARTIES

1. Plaintiff Fireman's Fund Insurance Company (hereinafter "Fireman's Fund") is, and at all relevant times was, a California corporation and an insurer authorized to transact insurance business in the State of Tennessee.

2. Defendant St. Paul Fire and Marine Insurance Company (hereinafter "St. Paul") is, and at all relevant times was, a Minnesota corporation. Fireman's Fund is informed and believes that, at all relevant times, St. Paul was authorized to, and did,

transact business in the State of Tennessee and was subject to service under the State of Tennessee's long arm statute.

3. Defendant Travelers Indemnity Company (hereinafter "Travelers") is, and at all relevant times was, a Connecticut corporation. Fireman's Fund is informed and believes that, at all relevant times, Travelers was authorized to, and did, transact business in the State of Tennessee and was subject to service under the State of Tennessee's long arm statute.

## JURISDICTION AND VENUE

4. Fireman's Fund is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the State of California.

5. St. Paul is a corporation duly organized and existing under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota.

6. Travelers is a corporation duly organized and existing under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this is a civil action seeking a determination of liability under a contract wherein the potential liability exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states.

8. The United States District Court for the Middle District of Tennessee is the proper venue for this action under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 123(b).

## GENERAL ALLEGATIONS

9. Lucky Star, Inc., d/b/a Sugarland, Inc., is a Tennessee corporation that does business as the country/pop band known as Sugarland. ("Sugarland"). Fireman's Fund issued a Portfolio Policy to Sugarland in connection with "The Incredible Machine" Tour in 2011 (the "Sugarland Policy").

10. Steven Cohen Productions, Ltd. ("SCP") is a Nevada Corporation in the business of providing specialized equipment and trained personnel to the music industry for live concern productions. SCP provided services and equipment to Sugarland in connection with its 2011 tour. The equipment that SCP provided for the tour included video screens, cameras, with operators, and lights and lighting equipment, with operators. Fireman's Fund is informed and believes, and based thereon alleged, that Travelers and/or St. Paul issued an insurance policy that covered direct physical loss or damage to any equipment that SCP provided in connection with the tour.

11. Epic Lighting ("Epic") is an unknown business entity that subcontracted with SCP to provide the lighting equipment and personnel that SCP supplied to the tour. Fireman's Fund is informed and believes, and based thereon alleges, that Travelers and/or St. Paul issued a separate insurance policy that covered direct physical loss or damage to any equipment that Epic provided in connection with the tour.

12. SCP designed and provided, through Epic, lighting gear, much of which also was hung on the stage structure.

13. On August 13, 0211, Sugarland was about to go on stage for a concert at the Indiana State Fairgrounds in Indianapolis. Because a lightning storm was thought to

be moving into the area, the concert was delayed. During the delay, amid gusting winds, the stage collapsed.

14. Equipment that SCP and Epic provided for the tour was destroyed in the stage collapse. SCP and Epic subsequently made an insurance claim to Travelers and/or St. Paul for the damaged equipment that they provided.

15. Fireman's Fund is informed and believes, and based thereon alleged, that Travelers and/or St. Paul paid a total of $1,919,716.28 for loss of equipment belonging to SCP and Epic. Fireman's Fund is informed and believes, and based thereon alleges, that Travelers and/or St. Paul paid $1,821,094.57 to Epic under its policy and $98,621.71 to SCP under its policy.

16. The damaged equipment that SCP provided for the concert, including equipment supplied Epic, was scheduled on the Commercial Articles Floater of the Sugarland Policy. SCP is a loss payee under the Sugarland Policy. Fireman's Fund is informed and believes, and based thereon alleges, that the equipment was also scheduled on the policies that Travelers and/or St. Paul issued to SCP and Epic.

17. Travelers and/or St. Paul have made a demand on Fireman's Fund to pay for the damaged equipment pursuant under the Sugarland Policy.

18. The Sugarland Policy was issued in Tennessee and is governed by Tennessee law. The Sugarland Policy states:

Other insurance

The coverage provided by this policy shall apply only as excess insurance over any other valid and collectible insurance or coverage that applies to the covered property.

19. Fireman's Fund is informed and believes, and based thereon alleges, that the insurance policy Travelers and/or St. Paul issued to SCP contains an "Other Insurance" provision that makes the policy's coverage primary over any other valid and collectible insurance, including Fireman's Fund's policy.

20. Fireman's Fund is informed and believes, and based thereon alleges, that the insurance policy Travelers and/or St. Paul issued to Epic contains an "Other Insurance" provision that makes that policy's coverage primary over any other valid and collectible insurance, including Fireman's Fund's policy.

## FIRST CLAIM FOR DECLARATORY RELIEF

### (Against All Defendants)

21. Fireman's Fund re-alleges and incorporates by reference paragraphs 1-19 of the Complaint, as though fully set forth herein.

22. An actual controversy has arisen and now exists between Fireman's Fund, on the one hand, and Travelers and/or St. Paul, on the other, concerning their respective rights and obligations under the insurance policies issued to Sugarland, SCP and Epic. Fireman's Fund alleges that the Sugarland Policy is excess only and, therefore, it has not obligation under the policy to pay for any loss or damage to SCP's or Epic's equipment until the applicable limits of the Travelers' and/or St. Paul policies are exhausted. Travelers and/or St. Paul dispute Fireman's Fund's position and maintains that Fireman's Fund's obligations under the Sugarland Policy are primary and that it must pay for any loss or damage to the equipment, irrespective of the "Other Insurance" provisions in the parties' policies.

23. Fireman's Fund seeks a judicial determination of the parties' respective rights and obligations under the policies and a declaratory judgment that the Sugarland Policy is excess over the coverage afforded under the Travelers and/or St. Paul policies issued to SCP and Epic and, that therefore, Fireman's Fund has no obligation to make any payments under the Sugarland Policy for the damaged equipment unless and until the applicable limits of Travelers' and/or St. Paul's policies are exhausted.

24. In the alternative Fireman's Fund seeks a judicial determination that coverage under the Sugarland Policy must be equitably pro-rated taking into account the applicable limits and coverage afforded under Travelers' and/or St. Paul's policies.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Fireman's Fund demands judgment against defendants Travelers and St. Paul as follows:

1. For a declaratory judgment that the Sugarland Policy is excess over the coverage afforded under Travelers' and/or St. Paul's policies issued to SCP and Epic and that Fireman's Fund has no obligation to pay for any loss or damage to the SCP's or Epic's equipment until Travelers' and/or St. Paul's policies are exhausted. In the alternative, Fireman's Fund seeks a declaratory judgment that that coverage under the Sugarland Policy must be equitably pro-rated taking into account the applicable limits and coverage afforded under Travelers' and/or St. Paul's policies;

2. For interest and costs of suit as allowed by law; and

3. For such other relief as the court deems proper.

Respectfully submitted,

*s/Gordon C. Aulgur*
**GORDON C. AULGUR**
Registration No. 19953
Attorney for Plaintiff

**BREWER KRAUSE BROOKS
CHASTAIN & BURROW, PLLC**
611 Commerce Street, Suite 2600
P.O. Box 23890
Nashville, TN 37202-3890
(615) 256-8787