IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **FIREMAN'S FUND INSURANCE COMPANY,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:12-cv-0851 |
| **ST. PAUL FIRE & MARINE INSURANCE COMPANY and TRAVELERS INDEMNITY COMPANY,** | ) Chief Judge Sharp |
| Defendants. | ) |

**CONSOLIDATED WITH**

| | |
|---|---|
| **STEVEN COHEN PRODUCTIONS, LTD., and ST. PAUL FIRE AND MARINE INSURANCE COMPANY,** | ) |
| Plaintiffs, | ) |
| v. | ) No. 3:16-cv-0641 |
| **LUCKY STAR, INC.,** | ) |
| Defendant. | ) |

## ORDER

Before the Court in this consolidated action are three motions for summary judgment: (1) the motion filed by plaintiffs Steven Cohen Productions, Ltd. ("SCP") and St. Paul Fire & Marine Insurance ("St. Paul") in June 2015 in *Steven Cohen Productions, Ltd. v. Lucky Star, Inc.*, No. 3:16-cv-0641 (Nevada Action, ECF No. 79) (the "Nevada Action"); the motion filed by defendants St. Paul and Travelers Indemnity Company in February 2015 in *Fireman's Fund Insurance Co. v. St. Paul Fire & Marine Insurance Co.*, No. 3:12-cv-0851 (the "Declaratory Judgment Action"); and the motion for summary judgment filed in February 2015 by plaintiff Fireman's Fund Insurance Company ("Fireman's Fund"), also in the Declaratory Judgment Action.

For the reasons set forth in the accompanying Memorandum Opinion, the Court **GRANTS** plaintiffs SCP and St. Paul's motion for partial summary judgment, filed in the Nevada Action, finding

specifically that the underlying 2011 Services Agreement is a binding and enforceable contract and that the unambiguous terms thereof make Lucky Star, Inc. responsible for the damages to the Leased Equipment that occurred as a result of the 2011 Stage Collapse. SCP and St. Paul did not move for summary judgment on the issue of damages.

The Court also finds that Lucky Star's obligations under the 2011 Services Agreement dictate the outcome of the dispute in the Declaratory Judgment Action. Consequently, the Court **DENIES** Fireman's Fund's motion for summary judgment in its entirety.

The Court **GRANTS** St. Paul's motion for summary judgment insofar as it seeks a declaration as to the parties' rights and interests under the insurance policies that are the subject of the Declaratory Judgment Action.

Accordingly, the Court finds and declares that Fireman's Fund is obligated under the Lucky Star Policy to submit full payment of the loss to St. Paul as calculated and adjusted by Neil Gibson on behalf of St. Paul: $1,961,203.66.

The parties shall submit a joint notice within **30 days** of the date this Order is docketed, notifying the Court whether there are any remaining matters to be resolved by the Court in this consolidated action. Because it is unclear what matters may remain to be resolved, final judgment shall not issue at this time.

It is so **ORDERED**.

_____
KEVIN H. SHARP
Chief Judge
United States District Court